This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lee Hardy, appeals the decision of the Summit County Court of Common Pleas, which convicted him of failure to verify current address and sentenced him to eleven months in prison. This Court affirms.
 I. {¶ 2} Appellant was convicted of sexual battery in 1996 and adjudicated a sexually oriented offender on July 28, 1997. Appellant was released from prison in June of 1998 and he registered with the Summit County Sheriff's Department as a sexually oriented offender on July 29, 1998. He was in prison on a burglary conviction during July of 1999 and later released to the Oriana House in March of 2000, where he registered his address with the sheriff's department.
 {¶ 3} On July 24, 2000, appellant met with the sheriff's department to register his address as 640 Blaine Street, #2, Akron. Appellant did not appear to verify his current address on July 13, 2001. Appellant states that he called the sheriff's department in mid-July and a female told him that he did not have to verify again until March of 2002. The sheriff's department sent out a certified letter to appellant at his last reported address on Blaine Street, informing him that he had until July 27, 2001, to verify his current address. The letter was returned unclaimed, as appellant had recently moved in with his mother at a different address and no longer resided at the Blaine Street address.
 {¶ 4} A warrant for appellant's arrest was issued. Appellant was charged with failure to verify his current address in violation of R.C.2950.06. At the pre-trial conference, defense counsel argued that the mental culpability required to prove the offense charged, absent specific language in the statute regarding such, was recklessness by default. The State argued that the offense constituted a strict liability offense. The court determined the offense was a strict liability offense and noted defense counsel's argument for the record.
 {¶ 5} Appellant's case proceeded to jury trial and he was convicted of failure to verify his current address and sentenced to eleven months in prison on February 28, 2002.
 {¶ 6} Appellant timely appealed and sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR {¶ 7} "THE TRIAL COURT ERRED BY FINDING THAT FAILURE TO VERIFY ADDRESS AS DEFINED IN R.C. 2950.06
IS A `STRICT LIABILITY' OFFENSE THAT DOES NOT REQUIRE ANY PROOF OF ANY CULPABLE MENTAL STATE."
 {¶ 8} In appellant's sole assignment of error, he argues that the trial court erred by finding that failure to verify address as defined in R.C. 2950.06 is a strict liability offense that does not require any proof of any culpable mental state. This Court disagrees.
 {¶ 9} R.C. 2950.06 mandates the periodic verification of an offender's current residence address for all sexual predators, habitual sex offenders, and sexually oriented offenders. A defendant who is a sexually oriented offender "shall verify [his or her] current residence address in accordance with division (C) of this section on each anniversary of the offender's initial registration date during the period the offender is required to register." (Emphasis added). R.C.2950.06(B)(2).[1]
 {¶ 10} The statute's language states:
 {¶ 11} "No person who is required to verify a current residence address pursuant to divisions (A) to (C) of this section shall fail to verify a current residence address in accordance with those divisions by the date required for the verification a set forth in division (B) of this section, provided that no person shall be prosecuted for a violation of this division prior to the expiration of the period of time specified in division (G) of this section." (Emphasis added). R.C. 2950.06(F).[2]
 {¶ 12} If the offender fails to verify a current residence address, after proper notice of a written warning and time period within which to verify such address, he or she will be arrested and prosecuted for a felony offense of failure to timely verify a current residence address. See R.C. 2950.06(G).
 {¶ 13} R.C. 2901.21 provides the varying degrees of criminal liability required before a person can be found guilty of an offense. R.C. 2901.21(B) states:
 {¶ 14} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."
 {¶ 15} "Generally, strict liability attaches to criminal offenses which are regulatory in nature and which are designed to protect the health, safety and wellbeing of the community. Furthermore, when a statute reads, `No person shall' engage in proscribed conduct, absent any reference to a culpable mental state, the statute indicates a legislative intent to impose strict liability." (Citations ommitted.) State v. Shaffer (1996), 114 Ohio App.3d 97, 102-103.
 {¶ 16} In State v. Beasley (Sept. 27, 2001), 8th Dist. No. 77761, the Eighth District Court of Appeals looked at this issue with regard to a sexual offender's duty to provide notice of a change of address under R.C. 2950.05, and held that strict liability applied. The Beasley court also established that its finding that R.C. 2950.05 is a strict liability offense is compatible with the legislative purpose behind the registration requirements for sexual offenders. Id. Referring to the case of State v. Schlosser (1997), 79 Ohio St.3d 329, involving R.C. 2923.32, Ohio's RICO statute, the Beasley court stated:
 {¶ 17} "The [Supreme Court of Ohio] held that R.C. 2901.21(B) does not apply to statutes which are mala prohibita, i.e., the acts are made unlawful for the good of the public welfare regardless of the state of mind. Hence, the Supreme Court held that the General Assembly intended to impose strict liability for RICO violations despite its failure to include a culpable mental state. The reasoning used in Schlosser applies to violations under the sexual offender registration laws because those offenses are clearly mala prohibita."
 {¶ 18} Although appellant's case involves a failure to verify current address under R.C. 2950.06 and Beasley involved a failure to provide a change of address under R.C. 2950.05, they are both subsections of the same statute dealing with sexual predators, habitual sex offenders, and sexually oriented offenders. Therefore, the analysis and findings in Beasley concerning legislative intent to impose strict liability for R.C. 2950 offenses are equally applicable to appellant's case.
 {¶ 19} In State v. Williams (2000), 88 Ohio St.3d 513, 518, the Supreme Court of Ohio outlined the General Assembly's intent behind the registration requirements for sexual offenders as follows:
 {¶ 20} "In revising R.C. Chapter 2950, it was the stated intent of the General Assembly to `protect the safety and general welfare of the people of this state.' R.C. 2950.02(B). In the opinion of the General Assembly, the classification, registration, and notification requirements in H.B. 180 are a `means of assuring public protection.' Id. To support its conclusion that the provisions of H.B. 180 were necessary, the General Assembly advanced several findings.
 {¶ 21} "The General Assembly found that if the public is provided notice and information about sexual predators, habitual sex offenders, and other individuals convicted of sexually oriented offenses as defined in R.C. 2950.01, the citizens can inform and prepare themselves and their children for the release from confinement of a sex offender. R.C. 2950.02(A)(1). Dissemination of information is deemed to be justified because sexual predators and habitual sex offenders pose a high risk of recidivism, and protection of the public from these types of sex offenders is of `paramount governmental interest.' R.C. 2950.02(A)(2). The General Assembly further concluded that a `person who is found to be a sexual predator or a habitual sex offender has a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government.' R.C. 2950.02(A)(5)."
 {¶ 22} In appellant's case, although R.C. 2950.06 mandates periodic verification of a sexually oriented offender's current residence address, it does not specify any degree of culpability with regard to the offender's failure to timely verify a current residence address. In light of the legislative intent behind R.C. 2950, along with the above-mentioned caselaw, this Court finds that R.C. 2950.06 plainly indicates a legislative intent to impose strict liability for its violation. The requirement that appellant timely verify his current address is intended for the public safety and well-being. Therefore, this Court finds that failure to do so is a mala prohibita act, and constitutes a strict liability offense.
 {¶ 23} Consequently, this Court finds that the trial court did not err in finding that appellant's failure to timely verify his current address as defined in R.C. 2950.06 is a strict liability offense that does not require any proof of any culpable mental state.
 III. {¶ 24} Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.
[1] R.C. 2950.06(B)(2) has since been amended. The version cited is as it was in effect at the time of appellant's offense.
[2] R.C. 2950.06(F) has since been amended. The version cited is as it was in effect at the time of appellant's offense.